# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN LAZAR** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 14-6907** |
| | : | |
| **GEORGE LITTLE et al.,** | : | |

**McHUGH, J.**                                                        **August 24, 2022**

## <u>MEMORANDUM</u>

Petitioner Steven Lazar seeks to reopen his habeas corpus proceedings under Rule 60(b) based on information recently disclosed by the Commonwealth.  The Commonwealth now admits that it misrepresented evidence to this Court and to the Third Circuit during Petitioner's original habeas proceedings, leading the courts to incorrectly believe that two other men had been investigated and excluded as suspects when, in fact, no such investigation had taken place.  These misrepresentations could not have been raised by the defense earlier, as they were at all times under the exclusive control of the Commonwealth.  In light of this, the Commonwealth agrees that Petitioner is entitled to relief under Rule 60(b).  I agree with the parties and will grant Petitioner's motion.

### I.       <u>Procedural History</u>

This motion arises following the discovery that the Commonwealth misrepresented its investigation and purported exclusion of two alternative suspects in the murder for which Mr. Lazar is currently serving a sentence of life in prison without the possibility of parole.  Prior to Lazar's trial, police had received a tip from a confidential informant about seeing two different men, Victor Berrios and William Rosa, enter the victim's house the night of his murder and later drive away in a black Honda Accord.  Pet'r App. at 190-91, ECF 33-2.  Police executed a search

warrant at Berrios' home and seized items, including a machete, two pairs of boots, and a black Honda Accord.  *Id.*  At Lazar's trial, defense counsel sought to introduce evidence about Berrios and Rosa, but the Commonwealth stated that "it's all hearsay, it was thrown out, it's irrelevant." Def. Resp. at 4.   On May 11, 2010, Petitioner was convicted of second degree murder, robbery, conspiracy to commit robbery and a weapons offense.  Pet'r Mot. at 1, ECF 33.

Following Lazar's conviction, he filed a direct appeal raising claims of trial court error for failing to suppress his confession and for insufficiency of evidence, which was denied.  *Id.* ¶ 1. Petitioner then filed a PCRA petition.  *Id*. ¶ 2.   Mr. Lazar's counsel "sent a motion for discovery to the Commonwealth on January 11, 2013, seeking additional information about two suspects, Victor Berrios and William Rosa, in Mr. Lazar's case."  *Id.* ¶ 3; Pet'r App. at 1-9.   The Commonwealth responded in opposition stating that, "*the police already investigated these two people and ruled them out.*"   App. at 10-11 (emphasis in original).   The trial court held an evidentiary hearing limited to the failure of Mr. Lazar's trial counsel to obtain records indicating that Mr. Lazar had used methadone until the day before his arrest.  Pet'r Mot. ¶ 5.  The PCRA Court ruled that, while trial counsel was ineffective for failing to obtain the records, there was an inadequate showing of prejudice under *Strickland v. Washington*.  Op. at 4-5, ECF 25.  The Superior Court also denied relief and the Pennsylvania Supreme Court denied allowance of appeal. Pet'r Mot. ¶ 7; *Com. v. Lazar*, 104 A.3d 524 (Pa. 2014)

On December 4, 2014, Mr. Lazar filed a Writ of Habeas Corpus in this Court, appealing the state court's ruling.  ECF 1.  Lazar claimed, among other things, that the state court had unreasonably failed to account for evidence of a different suspect, Victor Berrios, in its prejudice determination.  Pet'r Answer at 18, ECF 9.  The Commonwealth dismissed this argument, asserting that the leads to other suspects were "dead-ends."  Pet'r App. at 31.  Magistrate Judge Faith Angell

recommended that the Petition be denied and no certificate of appealability issue.  R&R, ECF 18.

Mr. Lazar's objections to the R&R included that the state court's *Strickland* analysis was faulty

for failing to consider evidence pointing to Mr. Berrios.  Pet'r App. at 46.  In response to Mr.

Lazar's objections, the Commonwealth again stated that it had eliminated Berrios as a suspect:

"Victor Barrios [sic], a local drug dealer on whom petitioner now wishes to pin the murder was

one of the initial non-fruitful leads police investigated.  The victim had been known to chase drug

dealers from his front steps, but the evidence showed Barrios [sic] was not involved."  *Id.* at 73.

This Court upheld the R&R due to the "exceedingly deferential framework imposed by 28 U.S.C

§ 2254(d)," but stressed "serious concern about the state courts' prejudice analysis" and granted a

Certificate of Appealability.  Op. at 2, ECF 25.

  Mr. Lazar appealed to the Third Circuit, again raising claims which included the failure to

consider Berrios in the prejudice analysis.   Pet'r App. at 111 ("A subsidiary error in the

Magistrate's analysis is that the Superior Court . . . *omitted* the other significant evidence and

factors favoring the defense, first being the evidence of an alternate suspect.")  (emphasis in

original).  Yet again, the Commonwealth in response represented that Mr. Berrios "was quickly

eliminated as a suspect" and that, while Mr. Lazar referred to Berrios as an alternative suspect,

"[t]hat is false and was resolved against him at trial."  *Id*. at 140-41, 141 n. 6.  After oral argument,

the Third Circuit denied relief.  *Lazar v. Superintendent Fayette SCI*, 731 F. App'x 119 (3d Cir.

2018).  The opinion notes in part that "Lazar also argues that the police recovered a machete from

another person.  This matters little, as this weapon was rusty and the police eliminated the owner

as a suspect."  *Id.* at 123 n. 5.

  In 2021, defense counsel obtained several pieces of "previously undisclosed evidence

showing that Berrios and Rosa did not appear to have been excluded as suspects" in the murder.

Def's Resp. at 7, ECF 38.  First, in March 2021, in response to an evidence-search request, the Philadelphia Police Department ("PPD") informed defense counsel that Rosa's black Honda Accord had been auctioned in March 2007, just two months after the car was seized from Berrio's home.  Pet'r App. at 188-89.

Second, in September 2021, the Conviction Integrity Unit at the Philadelphia District Attorney's Office disclosed the homicide and prosecution files to defense counsel.  A previously undisclosed memorandum therein revealed that, two weeks after the car was seized, the PPD determined that it was no longer needed for the investigation, and there is no evidence to suggest that the car was ever subject to any forensic examination or testing.  Pet'r App. at 192.

Third, the Commonwealth has reviewed the homicide and prosecution files and now concedes that "it appears that the PPD failed to take sufficient steps to exclude Berrios and Rosa as suspects, and that the DAO may have been aware of this fact."  Def. Resp. at 8.  Troublingly, as early as 2012, the chief of the PCRA unit wrote an assignment memo about Lazar's PCRA claims that stated "there is no evidence police even investigated other suspects" in Lazar's case, yet the Commonwealth continued to repeatedly represent to the courts that other suspects had been affirmatively investigated and eliminated.  Assignment Memorandum, Def. Resp., Ex. A, ECF 38-1.  In Response, the Commonwealth admits that:

> Review of the homicide and prosecution files appears to confirm the Commonwealth's 2012 assessment.  Not only did PPD auction Rosa's car without examining it, but PPD apparently did not compare Berrios or Rosa's DNA with samples taken from the murder scene.  Only minimal testing was conducted on the machete, crowbar, and two pairs of boots recovered from Berrios's residence and the results were inconclusive.  Fingerprints taken from Berrios, Rosa, Lazar, and several other individuals were compared to a latent print recovered from the crime scene, but no match was found for any of the individuals.  There is no indication in the homicide or prosecution file that police conducted tests for [the victim's] DNA or matching fibers.  Finally, there is no evidence in the files that police interviewed Berrios or Rosa.  In short, there is little in the homicide or prosecution file to support

4

the conclusion that Berrios or Rosa were excluded as suspects or that they were "dead ends."

*Id.* at 9.

Having obtained evidence of these misrepresentations, Mr. Lazar moves to set aside the final order and judgment denying habeas corpus relief in this matter pursuant to Federal Rule of Civil Procedure 60(b).

## II.    <u>Legal Standard</u>

Mr. Lazar seeks relief under Rule 60(b)(3) and Rule 60(b)(6).  "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *see also Klapprott v. United States*, 335 U.S. 601, 613–14 (1949) (Rule 6(b)(6) empowers courts to vacate judgments "whenever such action is appropriate to accomplish justice.").

Courts deciding a 60(b) motion must consider "the full measure of any properly presented facts and circumstances attendant to the petitioner's request."  *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021) (internal alteration and quotation marks omitted).  This analysis involves a "flexible, multifactor approach … that takes into account all the particulars of a movant's case."  *Satterfield v. Dist. Att'y Philadelphia*, 872 F.3d 152, 161 (3d Cir. 2017) (internal quotation marks omitted).  "The fundamental point of Rule 60(b) is that it provides a grand reservoir of equitable power to do justice in a particular case."  *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014) (citation omitted).

Rule 60(b)(3) permits the Court to relieve a party from a final judgment or order where there was fraud, misrepresentation, or misconduct by an opposing party.  "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct

5

prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). The burden is on the moving party to establish this by clear and convincing evidence. *Brown v. Pennsylvania R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960).

Rule 60(b)(6) has an even broader scope and permits the Court to grant relief from a final judgment or order for "any other reason that justifies relief," besides those listed in Rule 60(b)(1)-(5). Despite its breadth, under Rule 60(b) such relief "may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). Such extraordinary circumstances "rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

## III.   Discussion

Petitioner's motion for relief is unopposed. The Commonwealth's confession of error and agreement that relief is appropriate does not relieve the Court of its judicial function, but is nevertheless "entitled to. . . great weight." *Sibron v. New York*, 392 U.S. 40, 58 (1968). The Commonwealth's concession is especially persuasive because "in our adversarial system of adjudication, we follow the principle of party presentation." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020); *see also Dennis v. Sec'y, Pennsylvania Dep't of Corr.*, 834 F.3d 263, 290 (3d Cir. 2016) (noting that prosecutor's interest in criminal prosecution "is not that [he] shall win a case, but that justice shall be done.") (internal citation omitted). I agree with both parties that relief is warranted under both Rule 60(b)(6) or Rule 60(b)(3).[1]

---

[1] I note that the Third Circuit recently denied Petitioner's application under 28 U.S.C. § 2244 to file a second or successive habeas corpus petition. But this decision is not binding in my resolving the current motion because different standards govern. *In re Lazar*, C.A. No. 22-1801 (June 21, 2022 3d. Cir.). The petition before the Third Circuit was governed by the standard set forth in 28 U.S.C. § 2244(b)(2), while the pending motion is brought under Rule 60(b). The Circuit's previous denial is not necessarily dispositive prospectively. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000) (noting that "[i]f there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has not 'failed to develop' the facts

As a threshold matter, this petition is a true Rule 60(b) motion, not an unauthorized second or successive habeas petition cloaked as a Rule 60(b) motion.  In *Gonzalez*, the Supreme Court clarified that a motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," is a genuine motion under Rule 60(b).  545 U.S. at 532.   Here, the motion is based on fraud on the federal habeas court, which is a defect in the integrity of the habeas proceedings.  *See id*. at 532 n.5 ("Fraud on the federal habeas court is one example of such defect.") (citing *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial")).  The Commonwealth admits that its "misrepresentations prevented the Court from making a ruling based on a complete, accurate record, thereby undermining the integrity of the proceedings.  For this reason, the Commonwealth agrees that Lazar's 60(b) motion is properly before this Court."  Def. Resp. at 11.

Petitioner has met the demanding standard for relief under Rule 60(b)(3), which applies where fraud, misrepresentation, or misconduct by an opposing party prevents the moving party from fully and fairly presenting his case.[2]  Here, the Commonwealth's failure to disclose evidence and its affirmative misrepresentations about the evidence in its possession and control prevented

---

under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements.").

[2] While a Rule 60(b)(3) motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1), the Commonwealth has waived any defenses based on the timeliness of Lazar's motion.   Def. Resp. at n. 3; *see United States v. McRae*, 793 F.3d 392, 401 (4th Cir. 2015) (Rule 60(b)'s one-year deadline is an affirmative defense, not a jurisdictional bar); *see also In re Cook Med., Inc*., 27 F.4th 539, 542-43 (7th Cir. 2002) (the time limit for claims brought under Rule 60(b)(1)-(3) is a claim-processing rule rather than a jurisdictional limit); *Penney v. United States*, 870 F.3d 459, 462 (6th Cir. 2017) (same).

Lazar from fully and fairly presenting his case. *See Stridiron*, 698 F.2d at 207 ("Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct.").

In the context of an independent action for fraud upon the court, the Third Circuit held it requires a showing of "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005). Here, the Commonwealth has admitted that its representatives, acting as officers of the court, affirmatively made fraudulent misrepresentations to the courts. These misrepresentations occurred repeatedly and permeated Petitioner's entire habeas proceeding at all levels. On appeal to the Third Circuit, the Commonwealth went so far as to object to Petitioner's description of Berrios as an alternate suspect, stating, "[t]his is false and was resolved against him at trial." Pet'r App. at 140-41, 141 n. 6. The Commonwealth made this objection despite the existence of an internal memorandum pre-dating this representation that admitted that no investigation of the suspects was ever conducted. In addition, the Commonwealth made this representation despite evidence that law enforcement had failed to examine or preserve evidence that could have inculpated or excluded two other viable suspects. I note particularly that the two alternative suspects were not included in this court's prejudice discussion and that the alternative suspects were specifically disregarded by the Third Circuit in its analysis. Given that these misrepresentations deceived the courts and prevented the court from assessing all the evidence relevant to Lazar's claim, relief under Rule 60(b)(6)(3) is warranted.

Alternatively, Rule 60(b)(6) also provides grounds for relief. Under 60(b)(6), the misrepresentations to the federal courts constitute "extraordinary circumstances." *See Satterfield*, 872 F.2d at 161. Officers of the court are expected to act with candor towards the court. The affirmative misrepresentations to deceive the opposing party and the courts are therefore

8

extraordinary. The Commonwealth admits as much, highlighting that when a multitude of "misrepresentations were made to the federal court, the Commonwealth had an internal memorandum in its files in which it appeared to acknowledge that there was no evidence police investigated other suspects." Def. Resp. at 11. These misrepresentations "distorted the factual record before the federal courts, causing extreme hardship to Lazar." *Id.* Moreover, the integrity of the habeas proceedings was tainted.

Other equitable factors similarly weigh in favor of granting relief. Lazar sought information about Berrios and Rosa diligently, requesting discovery from the Commonwealth and even going so far as to file a lawsuit when his FOIA request to the FBI for records related to Berrios and Rosa was denied. *Lazar v. FBI*, 207 F. Supp. 3d 557, 564 (E.D. Pa. 2016). It would be fundamentally unfair to punish Lazar for the Commonwealth's failure to investigate and its subsequent misleading statements to the courts. Under the unique and troubling circumstances of this case, denying relief would risk "'undermining the public's confidence in the judicial process.'" *Satterfield*, 872 F.3d at 163 (quoting *Buck v. Davis*, 13 S. Ct. 759, 778 (2017)). Thus, relief under Rule 60(b)(6) is appropriate.

Finally, while a full merits analysis of Petitioner's habeas petition is not presently before me, I agree with the parties that the decision to reopen his habeas petition would not be futile. *See* Def. Resp. at 11 (noting "it is possible that the information about Berrios and Rosa would have led the Court to resolve the prejudice question in Lazar's favor," particularly in light of the "serious concern" this Court expressed regarding the state court's prejudice analysis and the Third Circuit's explicit reliance on the Commonwealth's misrepresentation in denying relief); *see also Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co*., 953 F.2d 17, 21 (1st Cir. 1992) (noting that a party seeking relief must "establish that it possesses a potentially

meritorious claim," but need not show "an ironclad claim or defense which will guarantee success at trial.").

**IV.**    **Conclusion**

For the reasons set forth above, Petitioner's Motion is granted and his initial habeas proceedings are reopened.

/s/ Gerald Austin McHugh
United States District Judge